UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**DOUGLAS SZEKLINSKI,**
      **Plaintiff,**

    v.                                           Case No. 16-C-1451

**WISCONSIN DEPARTMENT OF REVENUE,**
et al.,
      **Defendants.**
_____

## DECISION AND ORDER

Douglas Szeklinski, proceeding pro se, has filed a complaint against the Wisconsin Department of Revenue and individual revenue agents. He seeks leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915. I conclude that the plaintiff cannot afford to prepay the filing fee, and therefore I will grant his request for leave to proceed without prepaying it.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must dismiss a complaint if it determines that it fails to state a claim on which relief may be granted. In this case, I conclude that the complaint fails to state a valid claim. The plaintiff alleges that, in June 2011, he began receiving notices of delinquent Wisconsin taxes for the years 1998 through 2007. The plaintiff alleges that he does not owe the State of Wisconsin any taxes for this period. The plaintiff alleges that the defendants have continued to demand that the plaintiff pay delinquent taxes, have placed liens against the plaintiff's assets, and have notified credit bureaus that the State of Wisconsin has filed tax liens against him. The plaintiff argues that the defendants' alleged conduct has deprived him of his civil rights, as well as his rights under other federal laws. However, the plaintiff does not allege that the defendants took any action against him because of his race,

1

religion, or another protected characteristic, or that they deprived him of any process for contesting his liability for the tax. Nor does he allege any other facts suggesting that the defendants violated the plaintiff's rights under any provision of federal law. Rather, the plaintiff alleges merely that the defendants have attempted to collect taxes from him that he believes he does not owe. But that, in and of itself, does not violate any provision of the U.S. Constitution or any other federal law. Probably this conduct does not violate any state laws either, but even if it did, I could not exercise subject matter jurisdiction over a state law claim in the absence of a valid federal claim. See 28 U.S.C. § 1367. Because the complaint does not state a valid federal claim, it must be dismissed.

I also note that, to the extent the plaintiff seeks to prevent the State of Wisconsin from collecting a tax from him, a federal suit would likely be barred by the Tax Injunction Act, 28 U.S.C. § 1341, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Further, any claim for damages under 42 U.S.C. § 1983 for constitutional violations that occurred in the course of the state's tax practices would likely be barred by "the principles of comity and federalism" that prevent taxpayers from challenging the validity of any state or local tax practice in federal court without first seeking relief through available state remedies, provided that the state remedies are "plain, adequate, and complete." See, e.g., Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981); Capra v. Cook County Bd. of Review, 733 F.3d 705, 712–13 (7th Cir. 2013).

When I dismiss a complaint for failure to state a claim on which relief may be granted, I ordinarily grant the plaintiff one chance to file an amended complaint that cures the problem with the original complaint. In the present case, however, the plaintiff

2

Case 2:16-cv-01451-LA   Filed 11/03/16   Page 2 of 4   Document 4

religion, or another protected characteristic, or that they deprived him of any process for contesting his liability for the tax. Nor does he allege any other facts suggesting that the defendants violated the plaintiff's rights under any provision of federal law. Rather, the plaintiff alleges merely that the defendants have attempted to collect taxes from him that he believes he does not owe. But that, in and of itself, does not violate any provision of the U.S. Constitution or any other federal law. Probably this conduct does not violate any state laws either, but even if it did, I could not exercise subject matter jurisdiction over a state law claim in the absence of a valid federal claim. See 28 U.S.C. § 1367. Because the complaint does not state a valid federal claim, it must be dismissed.

I also note that, to the extent the plaintiff seeks to prevent the State of Wisconsin from collecting a tax from him, a federal suit would likely be barred by the Tax Injunction Act, 28 U.S.C. § 1341, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Further, any claim for damages under 42 U.S.C. § 1983 for constitutional violations that occurred in the course of the state's tax practices would likely be barred by "the principles of comity and federalism" that prevent taxpayers from challenging the validity of any state or local tax practice in federal court without first seeking relief through available state remedies, provided that the state remedies are "plain, adequate, and complete." See, e.g., Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981); Capra v. Cook County Bd. of Review, 733 F.3d 705, 712–13 (7th Cir. 2013).

When I dismiss a complaint for failure to state a claim on which relief may be granted, I ordinarily grant the plaintiff one chance to file an amended complaint that cures the problem with the original complaint. In the present case, however, the plaintiff

alleges only that the defendants have attempted to collect taxes from him that he contends he does not owe, and I do not see how this conduct could be deemed unlawful. Moreover, even if the plaintiff could allege facts suggesting that the defendants violated his federal rights in the course of attempting to collect a state tax, a federal suit would likely be barred by either the Tax Injunction Act or the principles of comity and federalism providing that a federal court will not entertain a suit for damages under § 1983 challenging the validity of a state tax practice where there are adequate state remedies. Thus, I do not see how the plaintiff could file an amended complaint that states a valid claim. Still, out of an abundance of caution, I will grant the plaintiff an opportunity to file an amended complaint. However, the plaintiff is advised that if he files an amended complaint that alleges no more than that the defendants attempted to collect a tax from him that he does not owe, the amended complaint will also be dismissed. If the plaintiff believes that he does not owe the tax that the State of Wisconsin is attempting to collect from him, most likely his only option is to challenge the tax through state-law channels: either by using any administrative review procedures that the Wisconsin Department of Revenue makes available, or by filing a complaint in state court.

Accordingly, **IT IS ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim on which relief may be granted. However, the plaintiff is granted leave to file an amended complaint on or before **November 18, 2016**. If the plaintiff does not file an amended complaint by that date, or if the plaintiff notifies me before then that he does

3

not want to file an amended complaint but instead wishes to appeal my dismissal of the original complaint, then I will enter a final judgment dismissing this case in its entirety.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

4

Case 2:16-cv-01451-LA   Filed 11/03/16   Page 4 of 4   Document 4